**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARK D. WUERFEL,<br><br>            Plaintiff,<br><br>    v.<br><br>RICK EUGENE LATHRUM, ROBIN RAE LATHRUM AND DOES 1 THROUGH 20<br><br>            Defendants.<br>_____/ | No. C 10-03855 NJV<br><br>ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR RECOVERY OF ATTORNEYS FEES AND COSTS; DEFERRING RULING ON DEFENDANTS' MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE; AND VACATING HEARINGS |

**I.    INTRODUCTION**

This case arises from a fire and resulting property damage that Plaintiff claims were caused by Defendant Eugene Rick Lathrum. Plaintiff, a California-licensed attorney proceeding *pro se*, filed suit against Rick Eugene Lathrum, Robin Rae Lathrum, and Does 1 through 20 (collectively referred to herein as "Defendants") in Mendocino County Superior Court on July 12, 2010. Plaintiff claims that he filed suit on July 12, 2010 in order to avoid the running of the statute of limitations but he did not serve the complaint and summons on Defendants because he was continuing his investigation into the facts and circumstances underlying his claims and anticipated amending the original complaint. Nevertheless, Defendants became aware of Plaintiff's lawsuit and removed it to this Court on August 27, 2010 pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). Both parties have consented to this Court's jurisdiction pursuant to  28 U.S.C. § 636(c).

## II. REMAND IS IMPROPER PRIOR TO AMENDMENT

On September 24, 2010, Plaintiff filed a Motion to Remand alleging that this Court lacks jurisdiction over this case because Plaintiff, who is a resident of the State of California, intends to amend his complaint to assert claims against a defendant who is also a resident of the State of California thereby destroying the requisite diversity among the parties. (Doc. Nos. 13-16.) However, Plaintiff has neither filed an amended complaint nor sought leave to do so; his original complaint remains the operative complaint in this case. That is, the only named defendants in this case are the Lathrums, who are residents of the State of Arizona. Notice of Removal, ¶ 7, Doc. No. 1. Although Plaintiff has sued several defendants (i.e., "Does 1 through 20") under fictitious names, the citizenship of such defendants is disregarded when determining the propriety of removal. *See* 28 U.S.C. § 1441(a). Because Plaintiff is a resident of California and the only named defendants are residents of Arizona, complete diversity exists and remand is improper at this time.

## III. PLAINTIFF'S REQUEST FOR ATTORNEYS FEES IS PREMATURE

At the same time that he filed his Motion to Remand, Plaintiff filed a request for an award of attorneys fees and costs. (Doc. No. 17.) Plaintiff argues that Defendants should be required to pay his attorneys fees and costs incurred in connection with the filing and prosecution of his Motion to Remand because Defendants failed to respond to his correspondence or otherwise contact him to discuss his proposed amended complaint and/or the propriety of remanding the case to Mendocino County Superior Court. As stated above, because Plaintiff has not filed an amended complaint remand is improper at this time. Because Plaintiff's request for an award of fees and costs presumes that his Motion to Remand has merit and the Court has determined that the Motion to Remand does not have merit at this time, Plaintiff's related request for attorney's fees and costs is premature.

## IV. DEFENDANTS' MOTIONS ARE PREMATURE

On September 19, 2010, Defendants Rick Eugene Lathrum and Robin Rae Lathrum ("the Lathrums) filed a motion to dismiss several of Plaintiff's claims or in the alternative for a more definite statement, as well as a motion to strike portions of Plaintiff's complaint. (Doc. No. 5.) A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583, 119 S.Ct. 1563, 143

L.Ed.2d 760 (1999).  "The requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception, for [j]urisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Id.* (internal quotation marks and citations omitted).  In light of Plaintiff's stated intent to amend his complaint and the possibility that such amendment might divest the Court of jurisdiction over this case or resolve the issues raised in Defendants' Motion to Dismiss or for More Definite Statement and Motion to Strike, the Court will defer ruling on those motions until such time as the issues of the amendment of the complaint and remand to state court are resolved.

**V.     CONCLUSION**

In light of the foregoing, Plaintiff's Motion to Remand and Motion for Recovery of Attorney's Fees and Costs are DENIED WITHOUT PREJUDICE.  To the extent that Plaintiff desires to amend the operative complaint, he shall do so no later than October 12, 2010.  Upon the filing of his amended complaint, Plaintiff may re-file and re-notice his Motion to Remand in accordance with the applicable Federal Rules of Civil Procedure and Civil Local Rules.

The Court notes that 28 U.S.C. § 1447(e) provides it with the discretion to permit or deny the post-removal amendment of pleadings to join a diversity-destroying defendant.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998);  *see also Greer v. Lockheed Martin*, 2010 WL 3168408, *4 (N.D.Cal. 2010) (stating  five factors that courts in this district generally consider when determining under 28 U.S.C. § 1447(e) to permit joinder of a diversity-destroying defendant).

Defendants may re-notice their Motion to Dismiss or for More Definite Statement and Motion to Strike, if necessary, upon resolution of Plaintiff's re-filed motion to remand.

The hearings that are currently scheduled for October 12, 2010 and November 9, 2010 are hereby VACATED.

The case management conference currently scheduled for December 14, 2010 is CONTINUED to Tuesday, December 21, 2010 at 2:00 p.m. at the Eureka Federal Courthouse.

///

///

///

**IT IS SO ORDERED.**

Dated: October 1, 2010

NANDOR J. VADAS
United States Magistrate Judge