1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| MARK D. WUERFEL, | Case No. C 10-03855 NJV |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFFS MOTION TO REMAND AND DENYING PLAINTIFFS MOTION FOR ATTORNEYS FEES AND COSTS** |
| v. | |
| EUGENE RICK LATHRUM, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 24) and Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 25). Having considered Plaintiff's motions, Defendants' opposition (Doc. Nos. 26-27), Plaintiff's reply (Doc. No. 28), and the November 16, 2010 argument of counsel, the Court finds that this case should be remanded to Mendocino County Superior Court and that Plaintiff is not entitled to an award of attorney's fees and costs. Accordingly, for the reasons stated herein Plaintiff's Motion to Remand is GRANTED and Plaintiff's Motion for Attorney's Fees and Costs is DENIED.

**I.   Background**

On July 12, 2010, Plaintiff Mark Wuerfel filed his "Complaint for Negligence, Property Damage, Malice, Oppression and Fraud" against Defendants Rick and Robin Lathrum ("the Lathrums") and Does 1 through 20 in Mendocino County Superior Court. On August 27, 2010,

the Lathrums removed the case to this Court pursuant to 28 U.S.C. § 1441(b). All parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. §636(c).

Plaintiff, who is a California-licensed attorney proceeding *pro se*, seeks damages that arise from a fire and explosion that occurred on Plaintiff's property in Laytonville, CA on July 13, 2007. From March 2005 through July 2007, Mr. Lathrum worked as an independent contractor on behalf of a water business located on the property. Plaintiff alleges that Mr. Lathrum was under the influence of methamphetamine and marijuana at the time that he negligently operated a generator, which caused the fire. Plaintiff seeks damages for fire damage to two buildings, trees and grassland; contamination to soil; destruction of personal property; depreciation of property; and business loss/interruption. Plaintiff also seeks to recover expenses incurred in firefighting activities and the cost of emergency services. Plaintiff further alleges that Mr. and Mrs. Lathrum intentionally concealed and misrepresented information about the fire in conversations with Plaintiff and others in the aftermath of the incident.

On September 2, 2010, the Lathrums filed a motion to dismiss Plaintiff's complaint or for a more definite statement. On September 24, 2010, Plaintiff filed (1) an opposition to Defendants' motion to dismiss or for a more definite statement; (2) a motion to remand the case to Mendocino County Superior Court; and (3) a motion to recover attorney's fees and costs for the motion to remand. In his Motion to Remand, Plaintiff states that he has identified an additional defendant, James Webb, whose actions or omissions contributed to the fire that Mr. Lathrum allegedly caused on Plaintiff's property. Plaintiff asserts that Mr. Webb is a resident of California such that there is no longer complete diversity among the parties and the case must be remanded because this Court lacks jurisdiction. On October 1, 2010, the Court issued an order dismissing without prejudice Plaintiff's motion to remand and motion for attorney's fees and costs because those motions had been filed prior to the filing of an amended complaint (i.e., while complete diversity remained among the parties). That order also (1) deferred ruling on Defendants' motion to dismiss or for a more definite statement pending ruling on Plaintiff's motion to remand; and (2) directed Plaintiff to file an amended complaint no later than October 12, 2010. On October 12, 2010, Plaintiff filed his first amended complaint ("FAC") and re-

noticed his motion to remand and motion for attorney's fees and costs.

**II.     Applicable Law**

    **A.     Motion to Remand**

A lawsuit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a).

"Although an action may be removed to federal court only where there is complete diversity of citizenship, […] one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotation marks and citations omitted). Fraudulent joinder "is a term of art" used to describe a non-diverse defendant who has been joined to an action for the sole purpose of defeating diversity. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The party asserting the existence of federal jurisdiction based upon fraudulent joinder "bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 1044 (9th Cir. 2009) (citing *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (holding that, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary")). In order to establish fraudulent joinder, the removing defendant must show that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious, according to the settled rules of the state." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (internal citation omitted). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220

F.Supp.2d 1116, 1118 (N.D.Cal. 2002).  Thus, there is "a heavy burden on the defendant as fraudulent joinder must be proven by clear and convincing evidence and all disputed questions of fact and all ambiguities in the controlling law are to be resolved in the plaintiff's favor." *Leung v. Sumimoto Corp. of Am.*, 2010 WL 816642 (N.D.Cal. 2010) (citing *Hamilton Materials, Inc.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Calero v. Unisys Corp.*, 271 F.Supp.2d 1172, 1176 (N.D.Cal. 2003) (internal quotation marks omitted)).

### B. Motion for Attorney's Fees and Costs

"An order remanding [a removed] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The standard for awarding fees […] turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  As the Supreme Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

## III. Analysis

### A. Plaintiff's Motion to Remand

According to Plaintiff, the original complaint was filed one day before the running of the statute of limitations on his claims against the Lathrums.  Plaintiff states that he refrained from serving the complaint on the Lathrums because it had been filed solely to preserve his claims and he was in the process of conducting an additional investigation in order to determine the identities of the Doe Defendants.  Plaintiff claims that his investigation ultimately revealed that an individual named James Webb engaged in the construction and installation of a fuel piping system for the same generator that Mr. Lathrum allegedly operated in a manner that led to the fire at issue.  Plaintiff alleges that fuel piping system installed by Mr. Webb contained defects that caused and/or contributed to the fire.  According to Plaintiff, Mr. Webb is a resident of "remote roads" located in the "Spyrock community of Laytonville."  That is, Plaintiff claims that Mr. Webb is a resident of California such that complete diversity no longer exists and the case must be remanded to Mendocino County Superior Court for lack of jurisdiction.  In their opposition,

3

the Lathrums claim that Plaintiff has named James Webb as a defendant solely for the purpose of destroying diversity and that Plaintiff's motion to remand should be denied on grounds of fraudulent joinder.

28 U.S.C. § 1447(e) provides the Court with discretion to permit or deny the post-removal amendment of pleadings to join a diversity-destroying defendant. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts in this District generally consider five factors when determining whether to permit the joinder of a diversity-destroying party under § 1447(e): "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. Pro 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the [proposed] defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; and (5) the strength of the claims against the new defendant." *Greer v. Lockheed Martin, 2010 WL 3168408*, *4 (N.D. Cal. 2010) (internal citations omitted).

**1.     Whether Joinder is Necessary for a Just Adjudication**

Under Fed. R. Civ. P. 19(a), a necessary party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on the rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991). This first factor "favors joinder and remand when failure to join will lead to separate and redundant actions," but not when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Greer*, 2010 WL 3168408 at *4 (internal quotation marks and citations omitted).

Defendants argue that Plaintiff's construction defect claims against James Webb are only nominally connected to his claims against the Lathrums, such that the adjudication of Plaintiff's claims against Webb are neither necessary nor relevant to Plaintiff's suit against the Lathrums. Plaintiff claims that Webb is a necessary party to dispose of the entire dispute as set forth in the First Amended Complaint. Specifically, Plaintiff alleges that defects in the work performed by

James Webb on the generator at issue and the negligent operation of that generator by Rick Lathrum caused, contributed to, or exacerbated the fire and explosion that underlie this case. Indeed, a case such as this one may very well require the involvement and testimony of a number of expert witnesses regarding the cause and origin of the fire and explosion, which would be directly relevant to Plaintiff's claims against both Mr. Webb and Mr. Lathrum. Because the claims against both Mr. Webb and Mr. Lathrum are centered on their actions and omissions with regard to the same piece of equipment that allegedly caused the fire, the Court finds that the adjudication of those claims in the same case is necessary to do complete justice and avoid separate and redundant actions with regard to at least some of Plaintiff's claims. Therefore, this factor weighs in favor of joinder and remand.

### 2. Whether the Applicable Statute of Limitations Would Preclude a Separate State Court Suit Against James Webb

California Civ. Proc. Code § 337.1(a) provides a four-year limitation period (from substantial completion) for patent construction defects. The California Code of Civil Procedure contains a two-step process for determining the applicable statute of limitations for latent construction defects: (1) actions for injury to real property caused by a latent defect must be filed within three years of discovery pursuant to § 338; actions for breach of contract that are premised upon a latent defect must be filed within four years of discovery pursuant to § 337; and (3) all latent defect claims must be filed within ten years of substantial completion pursuant to § 337.15.

Although Plaintiff concedes that the statute of limitations applicable to his claims against Webb may be longer than the three-year limitation period for his claims against the Lathrums, it is unclear when the former expires because Plaintiff's ongoing investigation has not revealed when the work allegedly performed by Webb was substantially completed, or whether the alleged defects at issue were patent or latent. That is, the date on which the applicable statue of limitations began to run remains uncertain. Further, Plaintiff has not provided the Court with a date or time frame when the alleged defects were discovered, other than stating that he did not become aware of them until sometime after the July 2007 fire at issue. Therefore, based upon the information provided to the Court by the parties, it appears that the statute of limitations

applicable to Plaintiff's claims against Mr. Webb has not run, such that Plaintiff could file a separate suit against Mr. Webb in state court. This factor therefore favors denial of Plaintiff's attempt to join Mr. Webb and the denial of Plaintiff's motion to remand.

### 3. Unexplained Delay in Seeking Joinder of the Party at Issue

When determining whether to allow an amendment to add a non-diverse party, "courts consider whether amendment was attempted in a timely fashion." *Greer*, 2010 WL 3168408 at *6 (finding that motion to amend filed seven weeks after removal was sufficiently timely) (citing *Chan v. Bucephalus Alternative Energy Group*, LLC, 2009 WL 1108744, *5 (N.D. Cal. 2009) (amendment occurring seven weeks after filing of original complaint was sufficiently timely); and *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (finding amendment occurring six weeks after filing of original complaint was sufficiently timely)). In this case, Plaintiff contacted Defendants about joining James Webb as a defendant on September 7, 2010 – approximately eight weeks after the filing of the original complaint and less than two weeks after Defendants removed the case to this Court. *See* Ex. 2 to Declaration of Mark D. Wuerfel (Doc. No. 15). Plaintiff forwarded Defendants a copy of the proposed first amended complaint less than two weeks later, on September 20, 2010. *See* Ex. 3 to Declaration of Mark D. Wuerfel (Doc. No. 15). Plaintiff filed his motion to remand on September 24, 2010 – approximately ten and a half weeks after filing the original complaint and four weeks after removal. Thus, when compared to the *Greer, Chan and Clinco* case cited above, this factor favors joinder and remand.

Defendants argue that the delay between the filing of the original complaint and Plaintiff seeking to add James Webb as a defendant remains unexplained. Defendants further argue that, because no discovery has taken place in this case, Plaintiff cannot claim that information received from Defendants led to the discovery of new facts giving rise to claims against Webb. At the hearing on Plaintiff's motions, Plaintiff alleged that (1) the misrepresentations and concealments of material facts by Mr. Lathrum in the aftermath of the fire; (2) the devastation and destruction of evidence caused by the fire; and (3) the remote and rural location of the property at issue have hindered and prolonged his investigation, including the discovery of the alleged construction defects and the identity of Mr. Webb. In light of the foregoing, the Court finds Plaintiff's

6

1   explanation for the delay to be within the realm of plausibility, and concludes that this factor
2   favors joinder and remand.

### 4. Motive in Seeking Joinder

"Courts in this district have recognized that the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to the trial court's decision to grant the plaintiff leave to amend his original complaint." *Greer*, 2010 WL 3168408 at *6 (internal quotation marks and citations omitted). "Thus, a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* (internal quotation marks and citations omitted).

Defendants argue that the lack of any explanation for Plaintiff's delay in discovering Webb and the facts underlying the claims against him supports a finding that Plaintiff seeks to join Webb only to destroy diversity. Defendants point out that Webb has not been served with the FAC; Plaintiff has not alleged that he contracted with Webb to perform the construction work at issue; and there is no Laytonville resident named James Webb who is registered as a contractor with the state. Finally, Defendants claim that Plaintiff is motivated to stay out of Federal court in light of his alleged involvement in medical marijuana cultivation and distribution in Mendocino County.

In addition to Plaintiff's explanation for his delay in naming Mr. Webb as a defendant in this case, Plaintiff has represented to the Court that he has located Mr. Webb and is able to serve him with the requisite notice of the claims against him. Plaintiff concedes that Mr. Webb is likely not a state-registered contractor, and that the allegedly defective work that Mr. Webb performed was done on behalf of a tenant living on Plaintiff's property. Finally, Plaintiff states that his motive for joining Mr. Webb as a defendant in this lawsuit and seeking remand of the case to Mendocino County Superior Court is simply to involve all necessary parties in a single case that is litigated in the venue where the property at issue is located and where the majority of the parties and witnesses reside. Further, Defendants allegations regarding Plaintiff's involvement in marijuana cultivation and/or distribution do not seem relevant to the claims at issue in this case, and at this juncture in the litigation seem to be more prejudicial than probative. This factor

1  weighs in favor of joinder and remand.

### 5.   Strength of Claims Against Party to be Joined

When exercising discretion under § 1447(e), "courts consider whether the claims against the new party sought to be added seem meritorious." *Id.* (internal quotation marks and citations omitted). If the claims sought to be added against the proposed new party are at least "potentially valid" under California law, this factor favors amendment and remand. *Id.* at *6-*7 (citing *Chan*, 2009 WL 1108744 at *6).

Defendants argue that Plaintiff's claims against Webb are either invalid or extremely weak. Specifically, Defendants note that the FAC does not state when Webb substantially completed the allegedly defective construction work at issue, which is relevant to the running of the applicable statute of limitations. Although Plaintiff does allege (FAC at ¶ 6) that Webb performed the work prior to the July 13, 2007 explosion and fire, he does not provide any more detail than that. Defendants also argue that the FAC does not allege what work Webb performed on the property at issue or whether that property belonged to Plaintiff, but this appears to be incorrect – the FAC alleges (¶ 10) that Plaintiff owned the property at issue and that (¶ 6) Webb constructed and installed a fuel piping system for a generator.

In the First Amended Complaint and at the November 16, 2010 hearing, Plaintiff explained that his investigation of the facts and circumstances surrounding the fire at issue has revealed that (1) Mr. Webb was responsible for the construction of a fuel piping system for a generator on Plaintiff's property; (2) there were defects in the fuel piping system that caused or contributed to the fire; and (3) Plaintiff sustained damages as the result of the fire. Based upon the facts alleged by Plaintiff, the Court finds that his claims against Mr. Webb are potentially valid such that this factor favors joinder and remand.

In light of the foregoing, the Court concludes that Defendants have not met their heavy burden to show that Plaintiff's assertion of claims against James Webb constitutes fraudulent joinder for the sole purpose of destroying diversity. Further, the majority of the factors considered by courts in this District when addressing claims of fraudulent joinder weigh in favor of remanding this case to Mendocino County Superior Court so that Plaintiff's claims against Mr.

1  Webb and the Lathrums can be tried together.

## B. Plaintiff's Motion for Fees and Costs

At the time that Defendants removed this case from Mendocino County Superior Court, there was complete diversity among the parties such that there was an objectively reasonable basis for removal. To the extent that Plaintiff seeks attorney's fees and costs for Defendants refusal to agree to remand after Plaintiff provided them with notice of his claims against Mr. Webb, the Court finds that (1) there was a reasonable and good faith basis for Defendant's fraudulent joinder argument; and (2) it was not until Plaintiff provided additional facts and information at oral argument on November 16, 2010 that it became clear that there was a sufficient basis for remand. In sum, both Defendants' removal of the case and their refusal to consent to remand were objectively reasonable under the circumstances such that an award of attorney's fees and costs is not appropriate. *See Martin*, 546 U.S. at 141.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand this case to Mendocino County Superior Court is GRANTED, and Plaintiff's Motion for Attorney's Fees and Costs is DENIED.

**IT IS SO ORDERED.**

Dated: November 23, 2010

NADOR J. VADAS
United States Magistrate Judge